■ BRIAN L. HOLLENBECK, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 1, 1977 in Franklin County, which granted partial summary judgment in favor of the plaintiff. The plaintiff sustained personal injuries on July 27, 1974 when his motorcycle collided with a passenger car insured by the defendant for no-fault coverage (Insurance Law, art 18). It is undisputed that the plaintiff duly demanded payment for loss of earnings (Insurance Law, § 671, subd 1, par [b]) based upon a last year weekly salary of $150 as of the time of the accident and such was paid by the defendant through June 28, 1975 when the defendant concluded that the plaintiff was no longer entitled to such benefits. At Special Term there were issues of law involving the interpretation of the Insurance Law and the respective rights of the parties raised and determined. Upon this appeal

the *sole* issues relate to the sufficiency of the record to establish that there are no issues of fact as to (1) the plaintiff's disability from work which he would have performed and (2) the earnings lost being $150 per week. As found by Special Term, the plaintiff had established a rate of $150 per week as his salary as an automobile mechanic at the time of the accident. The defendant has not established any evidence to the contrary and would seek to overcome the effect of the facts established by plaintiff through inferences and not any direct and substantial contradiction. The amount of the salary is established and the defendant failed to show any issue of fact as to the amount. The further question of disability from work is likewise established by all of the medical evidence and in particular it is established that he is unable to perform as an automobile mechanic solely because of the disability. This appeal, limited as it is by the defendant to the question of whether or not there are factual issues, has no substantial merit and it would appear that the delay in its carrying out its obligations is unwarranted. Order affirmed, with costs. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.